Chase, J.
 

 (dissenting). I do not concur in the decision about to be made. The so-called investment in the 1180 Broadway property was made by Harriet E. Anderson as the sole trustee under the last will and testament of James W. Anderson, deceased, in November, 1894. It was not made by the appellant. The Newman lease was then outstanding on the property, and it had about ten years to run with the right to a renewal thereof for a further term of twenty years. Newman had given a mortgage on his interest in the real property on which there was then unpaid $20,000 and some interest. Mrs. Anderson, as trustee, purchased this mortgage and paid . therefor $20,068.34 and the same was assigned to her as trustee. It was then assumed to be a safe investment. She, at the same time, purchased the outstanding lease subject to the mortgage given by the lessee, and paid to
 
 *147
 
 the executors of Newman, then deceased, $12,622.97. The amount paid for the mortgage and the lease made up the $32,691.31 called the investment in the Broadway property. It was in fact an investment in a lease on said property and in a mortgage given by the lessee. The investment was made upon her responsibility as trustee, and James M. Anderson, committee of the person and estate of Eugene Anderson, had nothing whatever to do with it. If it was an unwise investment, Harriet E. Anderson, the then .trustee, was the one responsible for making it. After the death of Harriet E. Anderson, James M. Anderson was appointed trustee in her place, and he continued to hold the mortgage and lease as such trustee. Under the Newman lease the estate of James W. Anderson received $2,000 per year, the prescribed rental. After the assignment of the lease to the trustee the gross rents of the property were paid to the trustee and they amounted to a very much larger sum than the rent under the Newman lease. The trustee credited to the accumulated fund from which the investment had been made four per cent on the amount paid for the mortgage and lease, and the balance of the net rents of the Broadway property, which amount is not definitely shown, was included with and added to the general income received on the New York city real property held in trust under the will. The account filed in the Benedict action shows the receipts and expenditures of the trustee to July 31, 1903. It also shows in detail the investments received by the appellant from his predecessor and those made by him, and it is provided by the judgment in that action “That the accounts rendered by said James M. Anderson of his management of the trust fund and estate from June 8, 1896, the date of his appointment as such trustee, to the 31st day of July, 1903, and which accounts are referred to and summarized in the report of said referee, are in all respects true and correct. That the amounts, securities and properties with which
 
 *148
 
 he has charged himself therein are all the amounts, securities and properties which have come to his hands or possession as such trustee; that the several items of disbursements with which he has credited himself therein were all reasonably made by him in the care and administration and for the account of his said trusts
 
 and the said accounts are hereby in all particulars approved and confirmed
 

 The judgment approved and confirmed every act of the appellant as shown by his account filed in that action and in which account there was included a statement of the receipt by him from his predecessor of the mortgage and lease and their retention by him. The judgment expressly stated that the amount with which the trustee is charged is invested and held by him as therein specified and as so specified it includes the so-called investment in the Broadway property.
 

 It further provided that the defendant Eugene Anderson is entitled to one-third part of the amount with which the trustee is charged. In the distribution of the amount then in the hands of the trustee the amount charged to him as the so-called investment in the Broadway property was divided by an assignment to each of the parties interested of a share therein equal to their interest respectively in the amount found to be in the hands of the trustee as stated. The loss to the trust fund, if any, by reason of the purchase of the mortgage and lease was thus shared by all the parties interested in such fund.
 

 What act of the appellant after July 31, 1903, or what failure on his part to act when he should have acted, requires that his account be surcharged with $10,897.11 and interest thereon? No satisfactory answer to the question is given. The appellant never received the $10,897.11 with which he has been charged. Doubtless the lease should have been renewed in 1904, but it was not the fault of the appellant that it was not renewed. The rents received from the Broadway property were
 
 *149
 
 largely increased by reason of the purchase of the lease and the mortgage thereon. The value of the investment grew less and the true effect of the purchase would have been better shown if the trustee had charged against the investment from year to year the amount received in rents from the property in excess of the $2,000 per year, being the rent reserved in the lease.
 

 Whether the original investment in the mortgage on the lease and the lease resulted in a loss to the trust fund cannot be determined until .there is an accounting in which the excess of rentals received from the Broadway property by reason of the purchase of such mortgage and lease is determined.
 

 If it should be shown that the investment has resulted in a loss to the trust fund I am still of the opinion that the appellant cannot be charged with the loss. His acts prior to July 31, 1903, were fully ratified and approved in the Benedict judgment, and I repeat that no act or failure to act on his part has been shown since July 31, 1903, by reason of which his account should have been surcharged with the $10,897.11, and interest thereon, or any part thereof.
 

 I am of the opinion that the order should be affirmed, but if the order is reversed I am then of the opinion that a new trial should be had of the question whether the purchase and retention of the lease has resulted in a loss to the estate of Eugene, and if so, to what extent.
 

 Willard Bartlett, Oh. J., Werner and Collin, JJ., concur with Miller, J.; Hiscook' and Hogan, JJ., concur with Chase, J.
 

 Order reversed, etc.